UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNER JOSUE SOBALVARRO ARAUZ,

Petitioner,

v.

WARDEN,

Respondent.

No.  1:26-cv-02536-DAD-SCR

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND FOR APPOINTMENT OF COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3)

On April 3, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On April 6, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decision in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026).  (Doc. No. 6.)

On April 6, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 8.)  In that opposition, respondent represents that petitioner has previously

1

encountered immigration authorities, was detained by those authorities, and was then released by those authorities. (*Id.* at 1–2.) In that opposition, respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent states in its opposition that it does not oppose resolving the underlying petition for writ of habeas corpus based on the current briefing before the court. (Doc. No. 8 at 1.)

Based on a review of the record before it, the court finds as followings. Petitioner entered the United States without inspection and, on January 26, 2024, was encountered by immigration authorities and detained. (Doc. No. 8-1 at 3.) Petitioner was subsequently released by immigration authorities. (Doc. No. 8 at 1–2.) On February 5, 2026, petitioner encountered and was re-detained by immigration authorities. (Doc. No. 1 at 5.)

The court incorporates and adopts the reasoning set forth in its prior order in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the undersigned concluded that the government's prior release of the petitioner created an implicit promise that his release would only be revoked if he failed to abide by the conditions of his release. Accordingly, the court finds that petitioner's prior release gave him a liberty interest in his continued release and the court concludes, pursuant to the reasoning set forth in *Perez*, that petitioner's continued detention violates due process.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner Anner Josue Sobalvarro Arauz, A-File No. 240-534-848, from respondent's custody on the conditions, if any, he was subject to prior to his detention on February 5, 2026;

    b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

2

petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden of demonstrating that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) and motion to appoint counsel (Doc. No. 3) are hereby DENIED as having been rendered moot in light of this order granting his habeas petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: __**April 7, 2026**__                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE